IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:19CV275-GCM

| | |
|---|---|
| **BOBBY DARRICK JONES,** | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| **ANDREW M. SAUL, Commissioner of Social Security,** | ) |
| Defendant. | ) |

**THIS MATTER** is before the court upon Plaintiff's Motion for Summary Judgment (Doc. No. 11) and the Commissioner's Motion for Summary Judgment (Doc. No. 12). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.  Administrative History**

On April 8, 2015, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") and supplemental security income, alleging a disability onset date of November 24, 2014. (Tr. 5, 220-228, 229-235). His applications were denied initially and upon reconsideration. (Tr. 124-128, 133-136, 137-141). On June 14, 2018, an ALJ held an administrative hearing, which Plaintiff attended with counsel. (Tr. 37-71). On November 16, 2018, the ALJ issued a decision that the Plaintiff was not disabled within the meaning of the Act. (Tr. 15-32). On August 1, 2019, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's November 16, 2018, decision the Commissioner's final decision in this case.

1

(Tr. 1-6). Thereafter, Plaintiff timely filed this action, seeking review of the Commissioner's final decision.

## II. Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales, supra*. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays v. Sullivan, supra*.

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The undersigned finds that it is.

2

B.  **Sequential Evaluation**

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

(1)   Whether the claimant is engaged in substantial gainful activity;

(2)   Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3)   Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4)   Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of her past relevant work; and

(5)   Whether the claimant is able to do any other work, considering her RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i-v). In this case, the Commissioner determined Plaintiff's claim at the fourth step of the sequential evaluation process.

C.  **The Administrative Decision**

In rendering his decision, the ALJ first concluded that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 18). At the second step, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease, status post-staph infection, polysubstance addiction disorder, and organic mental disorder. *Id*. At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a Listing. (Tr. 18-21).

3

Case 1:19-cv-00275-GCM   Document 15   Filed 05/12/20   Page 3 of 9

The ALJ then found that Plaintiff had the RFC to perform limited range of light work, subject to numerous additional limitations. (Tr. 22). Those limitations include: frequent climbing of ramps and stairs; occasional climbing of ladders, ropes, and scaffolds; frequent balancing, stooping, kneeling, crouching, and crawling; and occasional overhead reaching. *Id*. The ALJ also found that Plaintiff had multiple mental limitations in his ability to work, including: simple, routine tasks; no assembly line-paced work; and few changes in the routine work setting. *Id.* The ALJ further found that Plaintiff's time off task would be accommodated by normal work breaks. *Id*. The ALJ explained the basis for these findings in detail. (Tr. 22-26).

At the fourth step, the ALJ found that Plaintiff was unable to perform his past relevant work (Tr. 26-27). At step five, the ALJ found, based on Plaintiff's age, education, work experience, and residual functional capacity, as well as testimony from a vocational expert ("VE"), that Plaintiff could perform jobs existing in significant numbers in the national economy such as floor attendant, mail clerk, and car wash attendant. (Tr. 27-28). As a result, the ALJ concluded that Plaintiff was not disabled under the Act. (Tr. 28-29).

### D. Discussion

Plaintiff has made the following assignments of error: (1) the ALJ relied on the testimony of the vocational expert that appeared to conflict with the DOT without eliciting an explanation; (2) the ALJ failed in his duty to develop the medical record, and instead gave great weight to two outdated non-examining state agency reviewer opinions; and 3) the ALJ presiding over his case was not constitutionally appointed. Plaintiff's assignments of error will be discussed seriatim.

Plaintiff first contends that there appears to be unresolved conflicts between the VE's testimony and the DOT job descriptions for floor attendant (DOT No. 343.467-014, 1991 WL 672857); mail clerk (DOT No. 209.687- 026, 1991 WL 671813 (1991)), and car wash attendant

4

(DOT No. 915.667-010, 1991 WL 687869 (1991)). Each of these jobs require a General Educational Development ("GED") reasoning level of 2. Level 2 reasoning requires the individual to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." DOT, App. C, 1991 WL 688702. Plaintiff argues that the RFC limitation to simple, routine, repetitive tasks is incompatible with the identified jobs' reasoning level of 2.

In support of his argument, Plaintiff cites the Fourth Circuit's decision in *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019) and two district court cases from the Eastern District of Pennsylvania. In *Thomas*, the Fourth Circuit vacated and remanded an ALJ decision because the court identified a conflict between a restriction to "short, simple instructions" and reasoning level 2, which involves "detailed but uninvolved instructions." *Thomas*, 916 F.3d at 313. The RFC herein, however, does not limit Plaintiff to "short simple instructions" as in the *Thomas* case. Rather, Plaintiff is limited to simple, routine, repetitive *tasks*. In *Lawrence v. Saul*, 941 F.3d 140, 141-44 (4th Cir. 2019), the Fourth Circuit recognized this distinction. In *Lawrence*, the claimant argued there was no meaningful distinction between the "instructions" at issue in *Thomas* and the "tasks" at issue in her residual functional capacity. The Fourth Circuit declined to adopt that position, refusing to equate "instructions" and "tasks," and specifically finding that the key difference was the limitation in *Thomas* to "short" instructions. *Lawrence*, 941 F.3d at 143; *see also King v. Saul*, No. 19-1556, 2019 WL 6713598, at *1 (4th Cir. Dec. 10, 2019) (concluding "that *Lawrence* is controlling . . . and, thus, there was no apparent conflict between a limitation to performing only simple routine repetitive tasks and a position requiring" reasoning level 2). In reaching its decision in *Lawrence*, the Fourth Circuit noted that its decision accorded with "every

5

other circuit to consider this issue." *Lawrence*, 941 F.3d at 144 n.8 (citing decisions from the Third, Seventh, Ninth, Tenth, and Eleventh Circuits).

There are no limitations in Plaintiff's RFC regarding simplicity of instructions. He is only limited to simple, routine, repetitive tasks. Accordingly, there is no apparent conflict between the VE testimony and the DOT job descriptions.

Plaintiff next argues that the ALJ should not have given great weight to State agency consultants Drs. Swann and McIntyre because those consultants did not consider evidence that arose later in the period under review. He further claims that the ALJ was required to obtain updated opinions from those consultants. However, in his hearing before the ALJ, Plaintiff discussed the opinions from Drs. Swann and McIntyre and urged the ALJ to give "great weight and deference" to these consultants—which is exactly what the ALJ did. (Tr. 25, 361). There is no mention of any alleged shortcoming due to the timing of the opinions or evidence that arose after Drs. Swann and McIntyre provided those opinions. (Tr. 361).

Regarding Plaintiff's argument that the ALJ should have developed the record, the Court notes that an ALJ must develop the record only when the evidence in the record is "inadequate" for making a disability determination, not when "the ALJ had before him sufficient facts to determine the central issue of disability." *See Day v. Colvin*, No. 2:12-CV-00014-FDW, 2013 WL 4039422, at *5 (W.D.N.C. Aug. 7, 2013) (citing *Cook v. Heckler*, 783 F.2d 1168 (4th Cir.1986) and *Scarberry v. Chater*, 52 F.3d 322 (4th Cir. 1995)). In other words, so long as the evidence in the record allows the ALJ to make a disability decision, there is no duty to obtain additional evidence, particularly where, as here, the claimant is represented by counsel. *Craig v. Chater*, 76 F.3d 585, 591 (4th Cir. 1996).

As is clear from the ALJ's summary and discussion of the nearly 700 pages of medical

evidence in the administrative transcripts, the record here is not "inadequate" for making a decision on disability. (Tr. 18, 19-21, 22-26; Tr. 369-1061). In evaluating Plaintiff's application, the ALJ discussed Plaintiff's subjective testimony and other statements he made regarding his impairments and limitations. (*See*, *e.g.*, Tr. 19-21, 22, 24). He also discussed numerous treatment notes and examination findings regarding Plaintiff's physical and mental impairments. (*See*, *e.g.*, Tr. 18, 19-21, 22-26). This included, among other evidence, objective findings from MRI scans (Tr. 22 (citing Tr. 399, 402, 413, 420)), evidence from Plaintiff's hospitalization for septic shock and a MRSA infection, (Tr. 23 (citing Tr. 816, 886, 925)), and treatment notes and examination findings that were inconsistent with Plaintiff's allegations of disabling pain since 2012. (Tr. 23-24 (citing Tr. 541, 543, 693, 685, 703, 706, 707, 717, 735, 761, 814, 886, 911)). It also included the appropriate evaluation and discussion of the medical opinion evidence in the record, including the evidence from the State agency consultants. (Tr. 25-26) (citing Tr. 75-76, 82-84, 98-101, 115-118, 691-695, 703, 711, 688, 912)).

The ALJ's decision to assign great weight is supported by substantial evidence and the decision contains the explanation necessary to support the Court's review. The ALJ analyzed the opinions in detail, observing that the consultants provided specific reasons for their statements. (Tr. 25). The ALJ cited and discussed numerous treatment notes in support of his conclusions. (*See, e.g.*, Tr. 22-24). Moreover, the ALJ directly addressed the concern Plaintiff has raised on this appeal. The ALJ specifically noted that, although the record contained evidence post-dating the consultants' opinions, that evidence did not support residual functional capacity limitations other than those stated in the consultants' opinions and in the ALJ's residual functional capacity finding. (Tr. 25).

In Plaintiff's third assignment of error he seeks a remand for a new hearing because the

7

Case 1:19-cv-00275-GCM    Document 15    Filed 05/12/20    Page 7 of 9

ALJ that presided over his case was not properly appointed under the Appointments Clause of the United States Constitution. The Supreme Court in *Lucia v. SEC*, 138 S. Ct. 2044 (2018) held that ALJs of the Security and Exchange Commission are "Officers of the United States" and thus are subject to the Appointments Clause of the Constitution. 138 S. Ct. at 2055.

To the extent that *Lucia* applies, a claimant must make a "timely challenge." *See id.* ("one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief.") (internal citations and quotations omitted). The Plaintiff herein failed to raise such a challenge at any time in the administrative proceedings and thus has forfeited his Appointments Clause claim. *See Lamb v. Berryhill*, No. 1:18-cv-202, 2019 WL 4197182, at *3 (W.D.N.C. Sept. 4, 2019) (holding Plaintiff forfeited her Appointments Clause claim by failing to timely raise it at the administrative level); *Sweat v. Berryhill,* 1:18-cv-00042, 2019 WL 1856964 (W.D.N.C. Apr. 24, 2019) (rejecting *Lucia* challenge to Social Security ALJ appointment because plaintiff forfeited the argument by failing to raise it in front of the Commission); *Whiteside v. Berryhill*, 1:18-cv-00176-FDW, 2019 WL 1639936 (W.D.N.C. Apr. 16, 2019) (same).

**V.     Conclusion**

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, Plaintiff's motion and brief, the Commissioner's responsive pleading, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. *See Richardson v. Perales, supra; Hays v. Sullivan, supra*. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales, supra*, Plaintiff's Motion for Summary Judgment will be

denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment is **DENIED**;

(3) the Commissioner's Motion for Summary Judgment is **GRANTED**; and

(4) this action is **DISMISSED**.

Signed: May 12, 2020

Graham C. Mullen
United States District Judge