IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19CV275

| | |
|---|---|
| BOBBY DARRICK JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| ANDREW SAUL, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court upon the Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). The motion has been fully briefed and is ripe for disposition.

**I.    PROCEDURAL HISTORY**

On November 16, 2018, the ALJ issued a decision finding that Plaintiff was not disabled under the Social Security Act. On August 1, 2019, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff initiated this action challenging the Commissioner's decision, arguing, *inter alia*, that the ALJ who heard and decided his case had not been properly appointed, citing *Lucia v. SEC*, 138 S. Ct. 2044 (2018). In response, the Commissioner argued that Plaintiff had forfeited his Appointments Clause claim because he failed to raise such claim at any time in the administrative proceedings. (Doc. No. 13, p. 13).  In affirming the decision of the Commissioner, this Court specifically found that Plaintiff's failure to make a timely challenge under the Appointments Clause resulted in forfeiture of that claim. (Doc. No. 15, p. 8). In so

1

finding, the Court cited several cases from this district that had previously rejected Appointments Clause challenges for failure to raise such claims at the administrative level.

Plaintiff appealed this Court's decision. Subsequently, in November of 2020, the Fourth Circuit declined to impose an exhaustion requirement and held that "a claimant does not forfeit an Appointments Clause challenge by failing to raise it in the course of Social Security proceedings." *Probst v. Comm'r*, 980 F.3d 1015, 1025 (4th Cir. 2020). Thereafter, the Supreme Court issued its decision in *Carr v. Saul*, 141 S. Ct. 1352 (2021) in which it held that claimants did not forfeit "their Appointments Clause Challenges by failing to make them first to their respective ALJs." *Id*. at 1356.

Following the Supreme Court's decision in *Carr*, the Fourth Circuit remanded this case for further administrative proceedings "in light of the Supreme Court's decision in [*Carr*]." (Doc. No. 23). This Court then reversed the Commissioner's decision and remanded the case for a new hearing and *de novo* decision by a different, properly appointed ALJ. (Doc. No. 28). Plaintiff now seeks his attorney's fees under the EAJA as a prevailing party, contending that the Commissioner's position was not substantially justified.

## II.   DISCUSSION

Under the EAJA, a plaintiff who prevails in litigation against the government is entitled to reasonable attorney fees where the government's position was not substantially justified. The EAJA provides in pertinent part:

> a court shall award to a prevailing party... fees and other expenses… incurred by that party in any civil action… including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the

2

position of the United States was substantially justified or that special circumstances[1] would make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Although the EAJA itself does not define the term "substantially justified," the Supreme Court has stated that "[t]he test of whether the Government's position is substantially justified is essentially one of reasonableness in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 563-64 (1988) (quoting H.R. Conf. Rep. No. 96-1434, p. 22 (1980)). This does not mean "justified to a high degree," but rather refers to a "genuine dispute." *Id*. at 565. The government's position is substantially justified if it is "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Id*.; *see also Cody v. Caterisano*, 631 F.3d 136, 141 (4th Cir. 2011) (quoting *Pierce*, 487 U.S. at 565).

The legal question in determining whether fees are appropriate under the EAJA is decided not by "what the law now is, but what the Government was substantially justified in believing it to have been." *Pierce*, 487 U.S. at 561. And "if the governing law is unclear or in flux, it is more likely that the government's position will be substantially justified." *Martinez v. Sec'y of Health & Human Servs*., 815 F.2d 1381, 1383 (10th Cir. 1987) (citing *Washington v. Heckler*, 756 F.2d 959, 961-62 (3d Cir. 1985)); *Mattson v. Bowen*, 824 F.2d 655, 657 (8th Cir. 1987) (same); *see also Schock v. United States*, 254 F.3d 1, 6 (1st Cir. 2001) ("When the issue is a novel one on which there is little precedent, courts have been reluctant to find the government's position was not substantially justified."). Thus, "a position can be justified even though it is not correct" and "it can be substantially (i.e., for the most part) justified if a reasonable person could

---

[1] Plaintiff attempts to recast Defendant's argument regarding substantial justification as a special circumstances defense, however, this ignores the plain language of Defendant's opposition brief.

3

Case 1:19-cv-00275-GCM    Document 32    Filed 11/30/21    Page 3 of 9

think it correct, that is, if it has a reasonable basis in law and fact." *Pierce*, 487 U.S. at 566 n.2. "[T]he Government will avoid paying fees as long as 'a reasonable person could [have thought]' that its litigation position was 'correct.'" *Meyer v. Colvin*, 754 F.3d 251, 255 (4th Cir. 2014) (quoting *Pierce*, 487 U.S. at 566 n.2).

In reviewing the government's position, a court must "look beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation." *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993). Even though the government may not have ultimately prevailed, the government can still prove that its position was substantially justified because this analysis "focuses, not on the government's success or failure, but on the reasonableness of its position in bringing about and continuing the litigation." *Id.*

Under these standards, the Court finds that the government's position herein was substantially justified. Firstly, at the administrative level, the Commissioner's actions were reasonable. No settled law mandates that the Commissioner, through either an ALJ or the Appeals Council, must *sua sponte* raise an Appointments Clause issue that was not raised by the claimant. Indeed, courts have found the Commissioner's pre-litigation position substantially justified even when the claim was still pending before the agency after the Supreme Court's decision in *Lucia*. *See*, *e.g.*, *Flynn v. Saul*, No. 19-0058, 2021 WL 2577146, at *3 (E.D. Pa. June 22, 2021); *Lenz v. Saul*, No 19-489, 2021 WL 2515167 *2-3 (W.D. Pa. June 18, 2021); *Rager v. Saul*, No. 1:19-CV-00140-HBB, 2021 WL 374477 (W.D. Ky. Feb. 3, 2021); *Marant v. Saul*, No. 18-4832, 2020 WL 3402416 *3 (E.D. Pa. June 19, 2020).

4

The Plaintiff argues that the SSA "misled" a severely mentally ill claimant about the nature of the hearing before the ALJ, telling him that the hearing was informal. At the same time, the Commissioner's litigation position was that the ALJ hearing was so formal that any constitutional rights not affirmatively asserted at that hearing were forfeited. Plaintiff's claim that the agency somehow misled him regarding the nature of the administrative proceedings ignores the fact that, shortly before Plaintiff's administrative hearing was to take place, Plaintiff retained counsel—counsel that presumably advised him throughout the hearing process on the nature of the administrative proceedings. (Tr. 206, 215). Plaintiff was ably represented and there is no merit to Plaintiff's claim that he was somehow "misled" or deceived regarding the nature of the administrative hearing.

Regarding the Commissioner's litigation position before this Court, the undersigned finds that it was likewise substantially justified. At the time the case was before this Court, the forfeiture argument was an issue of unsettled law. In support of his position, the Commissioner discussed caselaw from multiple circuit courts of appeal. Moreover, at the time the Commissioner filed his motion and supporting memorandum of law, the vast majority of the district courts to address the issue had agreed with the Commissioner's position (*See* Doc. No. 13). This Court, citing cases from this district, agreed with the Commissioner's position (Doc. No. 15). A short time later, the Tenth and Eight Circuits issued decisions creating a circuit split on this issue. *See Carr v. Comm'r, SSA,* 961 F.3d 1267 (10th Cir. 2020), *rev'd,* 141 S. Ct. 1352 (2021); *Davis v. Saul*, 963 F.3d 790 (8th Cir. 2020), *rev'd,* 141 S. Ct. 1352 (2021). Thus, the Commissioner relied on numerous cases that weighed in his favor in pursuing his litigation position, and the

5

split in the Circuits continued until the Supreme Court decision in *Carr*.

The Commissioner's reliance on cases where the courts had repeatedly ruled in the Commissioner's favor on the forfeiture issue shows that the Commissioner took a reasonable position on an unsettled question of law. *See Thomas v. Saul*, 816 F. App'x 835, 838 (4th Cir. 2020) (finding the government's position substantially justified where district court judges had "repeatedly ruled in the Commissioner's favor."). Accordingly, the Commissioner was substantially justified in arguing, in line with numerous decisions from across the country, that Plaintiff forfeited his Appointments Clause claim when he failed to raise it during administrative proceedings.

Plaintiff argues that the Commissioner mislead this Court, and other courts, by arguing that its regulations created a "forfeiture rule" to obtain rulings in its favor on Appointments Clause issues. The Court disagrees and finds that the Commissioner did not make any misrepresentations or argue that the regulations include a forfeiture rule. *See Ramsey v. Commissioner of Social Security*, No. 17-13713, 2021 WL 5233285, at *3 (E.D. Mich. Nov. 10, 2021). In defending its position, Defendant has noted only that its regulations require claimants to raise all issues to the ALJ who decides their claim, and that any objection to the ALJ who will preside over their hearing must be raised at the earliest opportunity. (Doc. No. 13, at p. 20.) In doing so, Defendant argued that its regulations were consistent with the law interpreted in *Lucia*, which stated that "only a party 'who makes a timely challenge . . . is entitled to relief.'" *Id.*

Plaintiff next argues that during the administrative process the SSA was aware that he had not been provided a constitutionally valid hearing. Plaintiff's discussion of the constitutionality of the ALJ appointments misconstrues the issue that was litigated in this

case as well as the basis for substantial justification. *See* 28 U.S.C. § 2412(d)(2)(D) (explaining that the position of the United States includes the underlying agency conduct with respect to the issue "upon which the agency action is based"). The substantial justification defense herein rests on forfeiture issues, and Defendant's position was substantially justified. As noted, the forfeiture issues were so closely contested as to require the Supreme Court in *Carr* to resolve an ambiguity in *Lucia* regarding forfeiture that gave rise to circuit court decisions that fell on both sides of the issue.

Following *Lucia*, the Acting Commissioner promptly ratified the appointments of all agency ALJs and approved those appointments as her own. Thus, in the litigation phase of this case, "the issue at bar was not the constitutionality of the ALJ's appointment, but rather, the exhaustion requirement of an Appointments Clause challenge." *See Flynn,* 2021 WL 2577146, at *3.

Plaintiff next cites caselaw from the Eastern District of Pennsylvania holding that an EAJA petition was warranted because the government's pre-litigation and litigation position was not substantially justified. (Doc. No. 26, at p. 14.) He makes no mention of subsequent published caselaw from the same court finding that Defendant's position, both pre-litigation and in district court, *was* substantially justified. *See Rich v. Comm'r of Soc. Sec.*, 477 F. Supp. 3d 388 (E.D. Pa. Aug. 6, 2020); *see also Flynn*, 2021 WL 2577146, at *5 (observing that "the majority of judges in the Eastern District of Pennsylvania agree with this Court's finding that the Commissioner's litigation position was substantially justified" and collecting cases in support of that statement).

Likewise, Plaintiff ignores caselaw from numerous other district courts in multiple circuits finding that the Defendant's position was substantially justified, largely

7

due to the fact that resolution of the underlying issues required the Supreme Court to resolve a circuit split in *Carr* relating to an ambiguity in *Lucia*. *See*, *e.g.*, *Shoops v. Kijakazi*, No. 18-10444, 2021 WL 5233286 (E.D. Mich. Nov. 10, 2021); *Harris v. Comm'r of Soc. Sec.*, No. 2:18-CV-11042, 2021 WL 5104575 (E.D. Mich. Nov. 3, 2021); *Handwerk v. Saul*, No. 4:19-CV-01439, 2021 WL 4552266 (M.D. Pa. Oct. 4, 2021); *Leone v. Comm'r of Soc. Sec.*, No. 2:19-cv-245-JES-NPM, 2021 WL 3732914 (M.D. Fla. Aug. 24, 2021); *Torres v. Comm'r of Soc. Sec.*, No. 19-2003 (CVR), 2021 WL 3562610, at *3-5 (D.P.R. Aug. 11, 2021); *McCary-Banister v. Saul*, No. SA-19-CV-00782-XR, 2021 WL 3494606, at *2-3 (W.D. Tex. Aug. 9, 2021); *Dewonkiee L. B. v. Comm'r of Soc. Sec.*, No. 5:19-CV-0503 (DEP), 2021 WL 3417842 (N.D.N.Y. Aug. 5, 2021); *Lenz*, 2021 WL 2515167 at *2-3; *Rager*, 2021 WL 374477.

Defendant's substantial justification argument is also consistent with the law of this Court. Here, when "caselaw is inconclusive, the Commissioner may be substantially justified in litigating an erroneous position …" *Wright v. Kijakazi*, No. 3:20-CV-201-DSC, 2021 WL 3432909, at *1-2 (W.D.N.C. Aug. 5, 2021) (denying EAJA petition on the basis of substantial justification when "there was a clear split of authority"). The caselaw at issue here was also, at best, inconclusive. Indeed, this Court initially agreed with Defendant's position on forfeiture when it granted Defendant's Motion for Summary Judgment. (Doc. No. 15, pp. 7-8.). Moreover, there was inarguably a split in the caselaw at the circuit court level.

Lastly, Plaintiff argues that SSA violated its own "longstanding policy" to never exclusively rely on a forfeiture defense, citing a 1999 letter from Defendant's then-General Counsel to an executive with a disability advocates group. However, the

8

document cited does not purport to establish agency policy. It is not a statute or a regulation, nor is it even an internal policy document, which would still have no force of law and would not bind the agency. *See*, *e.g*., *Melvin v. Astrue*, 602 F. Supp. 2d 694, 704 (E.D.N.C. 2009); *Harris v. Astrue*, No. 2:12–CV–45, 2013 WL 1187151, at *4, n.3 (N.D.W. Va. Mar. 21, 2013) (quoting *Lockwood v. Comm'r of Soc. Sec*., 616 F.3d 1068, 1072 (9th Cir. 2010)).

### III. CONCLUSION

The Court finds that both the government's pre-litigation and litigation positions are substantially justified, *i.e*., "justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565. Accordingly,

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney's Fees is hereby DENIED.

Signed: November 30, 2021

Graham C. Mullen
United States District Judge